UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. CR20-136 JCC |
| v. | DETENTION ORDER |
| LAURA RODRIGUEZ-MORENO, | |
| Defendant. | |

Offenses charged:

  Count 1:   Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 841(b)(1)(A)

  Count 3:   Distribution of Methamphetamine and Heroin in violation of 21 U.S.C. § 841(b)(1)(A)

  Count 4:   Possession of Methamphetamine with Intent to Distribute 21 U.S.C. § 841(b)(1)(A)

  Count 5:   Distribution of Fentanyl in violation of 21 U.S.C. § 841(b)(1)(B)

  Count 6:   Possession of Methamphetamine with Intent to Distribute in violation of 21 U.S.C. § 841(b)(1)(A)

DETENTION ORDER - 1

Date of Detention Hearing: The Court held a detention hearing via WebEx on September 9, 2020 due to the exigent circumstances as outlined in General Order 13-20. Defendant consented to appear telephonically due to current conditions of confinement in quarantine at the Federal Detention Center. This detention order is without prejudice to renewing once the court has reconstituted in-person hearings.

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1. There is a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e).

2. The Court finds Defendant has overcome the presumption that no condition or combination of conditions will reasonably assure her appearance as required and the safety of the community, however, for the reasons discussed below, the Court finds detention is warranted.

3. The nature and circumstances of the charged offenses weigh heavily in favor of detention. The government alleges Defendant was the leader of a conspiracy that distributed large volumes of controlled substances, including particularly dangerous controlled substances such as fentanyl. The government also alleges the conspiracy was sophisticated and demonstrated a network of drug distribution. Defendant is alleged to have personally transported controlled substances from Mexico to the United States numerous times, in amounts as large as eighty pounds per trip, to distribute as part of the conspiracy. The government further alleges Defendant involved her husband and 18-year old son, and utilized the family's restaurant, to further the conspiracy.

4. The weight of the evidence is the least important factor to consider in determining detention, however, the weight of evidence against Defendant is strong in this matter and weighs in favor of detention. The charges against Defendant arise from a nearly two-year long investigation conducted by multiple law enforcement agencies that resulted in indictments and complaints regarding two alleged separate, but overlapping, drug conspiracies. The investigation included the use of physical surveillance, video surveillance, Title III wire intercepts, and numerous controlled buys. The government alleges the wire intercepts and surveillance show Defendant stated that she worked for herself in the alleged conspiracy, and that she directed and participated in the distribution of controlled substances.

5. The history and characteristics of Defendant also weigh heavily in favor of detention. Defendant was born in Mexico, has family ties to Mexico, and possesses a Mexican passport. Although Defendant has ties to this district through her husband and children, Defendant is allegedly responsible for involving her husband and eldest son in the conspiracy, as discussed above, and both are also indicted in this matter. The government specifically alleges Defendant regularly utilized her son as a "runner" for the conspiracy and that she continued to distribute controlled substances and lead the conspiracy even after her son's drug trafficking-related arrest. Further, Defendant no longer has employment as she allegedly used the restaurant owned by her and her husband to distribute controlled substances.

6. The nature and seriousness of danger to the community also weighs in favor of detention. Although Defendant has no criminal history, the amount of controlled substances the government alleges Defendant possessed and distributed is

significant. Further, two firearms and more than $20,000 were seized from Defendant's residence after her arrest.

7. Taken as a whole, the record shows Defendant poses a risk of nonappearance due to her ties to Mexico and the length of her potential sentence if convicted of the charged offenses. Defendant also poses a risk of danger due to the nature and circumstances of the charged offenses and Defendant's characteristics with regard to the alleged conspiracy, including her alleged leadership role and the use of her family to further the conspiracy. Based on these findings, and for the reasons stated on the record, there does not appear to be any condition or combination of conditions that will reasonably assure Defendant's appearance at future court hearings while addressing the danger to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to

counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

Dated this 10th day of September, 2020.

*[signature]*

MICHELLE L. PETERSON
United States Magistrate Judge