THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LAURA RODRIGUEZ-MORENO,<br><br>Defendant. | CASE NO. CR20-0136-JCC-1<br><br>ORDER |

This matter comes before the Court on Defendant's motion for compassionate release (Dkt. No. 324). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

In 2023, the Court sentenced Defendant to 120 months for conspiracy to distribute controlled substances. (Dkt. No. 293). Defendant now moves for compassionate release. (Dkt. No. 324.) The motion contains no argument, (*see generally id.*), but based on the medical information included within, the Court presumes Defendant seeks to support a reduction in sentence based on the notion that her medical circumstances represent an extraordinary and compelling reason for such a reduction. Indeed, the Court may reduce a term of imprisonment if (a) extraordinary and compelling reasons warrant a reduction, (b) the defendant has exhausted their administrative rights of appeal with the BOP, (c) the defendant would not present a danger to the community, (4) and a reduction is otherwise consistent with the factors articulated in 18

U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13. Defendant bears the burden of making this showing. *U.S. v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Neither the medical information provided by Defendant in her motion, nor the comprehensive medical history supplied by the Government, (*see* Dkt. No. 328), suggest Defendant is suffering from any of the medical circumstances representing an extraordinary and compelling reason supporting a reduction in sentence. *See* § USSG 1B1.13 (describing, amongst other things, a terminal illness or a medical condition which cannot be managed within a correctional facility). **Accordingly, the motion for compassionate release (Dkt. No. 324) is DENIED.**

Separately, the Government moves to seal an exhibit to its opposition brief. (Dkt. No. 327.) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the exhibit's contents, the Court finds that sealing it serves a compelling interest which is likely to be harmed if it is not sealed, and there is no less restrictive alternative to protect that interest. **Accordingly, the motion to seal (Dkt. No. 327) is GRANTED and the Clerk is therefore DIRECTED to maintain Docket Number 328 under seal.**

//
//
//
//

1  It is so ORDERED this 1st day of July 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE