THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LAURA RODRIGUEZ-MORENO,<br>Defendant. | CASE NO. CR20-0136-JCC-1<br>ORDER |

This matter comes before the Court on Defendant's renewed motion for compassionate release (Dkt. No. 335) and the Government's motion to seal an exhibit in support of its response (Dkt. No. 340). Having thoroughly considered the briefing and the relevant record, the Court DENIES Defendant's motion (Dkt. No. 335) and GRANTS the Government's motion (Dkt. No. 340) for the reasons explained herein.

In 2023, the Court sentenced Defendant to 120 months for conspiracy to distribute controlled substances. (*See* Dkt. No. 293). In May 2024, Defendant moved for compassionate release based on medical circumstances, (*see* Dkt. No. 324), which the Court denied after finding that they did not represent an extraordinary and compelling reason supporting a reduction in sentence. (*See* Dkt. No. 329 at 2) (citing United States Sentencing Guidelines ("USSG") § 1B1.13). Defendant renews her motion, this time citing historic conditions at Federal Correctional Institute ("FCI")-Dublin (where Defendant is currently housed), including acts of

sexual violence by correctional staff, and suggesting that she was, in general, a victim of those conditions. (*See generally* Dkt. No. 335.)

As the Court previously indicated, it may reduce a term of imprisonment if (a) extraordinary and compelling reasons warrant a reduction, (b) the defendant has exhausted their administrative rights of appeal with the BOP, (c) the defendant would not present a danger to the community, (4) and a reduction is otherwise consistent with the factors articulated in 18 U.S.C. § 3553(a). (*See* Dkt. No. 329 at 1–2) (citing 18 U.S.C. § 3582(c)(1)(A); United States Sentencing Guidelines ("USSG") § 1B1.13). Extraordinary and compelling reasons can include being a victim of sexual abuse. *See* USSG § 1B1.13(b)(4). Again, Defendant bears the burden of making this showing. (*See* Dkt. No. 329 at 1–2) (citing *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020)).

Defendant's generalized statements and documentary support regarding the violence at FCI-Dublin, (*see* Dkt. No. 335 at 6, 17–19), fall well short of the evidence needed to meet Defendant's burden of establishing extraordinary and compelling reasons warranting a reduction in sentence. Nor does she meaningfully address the other requirements for a reduction in sentence. (*See generally* Dkt. No. 335.) **Thus, Defendant's motion for compassionate release (Dkt. No. 335) is DENIED.**

Separately, the Government asks to seal an exhibit to its opposition brief. (*See* Dkt. No. 340.) The First Amendment protects the public's right of access to criminal trials. *See, e.g.*, *Globe Newspaper Co. v. Super. Ct. for Norfolk Cnty.*, 457 U.S. 596, 606 (1982). The public also has a common law right to inspect and copy public records, including from judicial proceedings. *See Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). But these rights are not absolute. They must yield when (1) sealing a document serves a compelling interest, (2) that is substantially likely to be harmed if the document is not sealed, and (3) there are no less restrictive alternatives for protecting the interest. *See U.S. v. Doe*, 870 F.3d 991, 998 (9th Cir. 2017). Given the exhibit's contents, (*see* Dkt. No. 341), the Court finds that sealing the exhibit serves a compelling interest which is likely to

be harmed if it is not sealed, and there is no less restrictive alternative to protect that interest. **Accordingly, the motion to seal (Dkt. No. 340) is GRANTED and the Clerk is DIRECTED to maintain Docket Number 341 under seal.**

It is so ORDERED this 6th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE